

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Modified by 0-2065 JA

Honorable R. C. Slagle, Jr.
Criminal District Attorney
Grayson County
Sherman, Texas

Dear Sir:

> Opinion No. O-2065
> Re: Registration of motor vehicles
> brought into State by non-
> residents for the purpose of
> sale or trade.

We have for reply your letter of March 5, 1940, request-
ing the opinion of this department upon the above stated question. Your
letter reads in part as follows:

"I am anxious to have you submit your opinion on
Article 1434, Chapter 8, Title 17 of the Penal Code of Texas,
1925, as amended by Chapter 77, Acts of the First Called Ses-
sion of the Fortieth Legislature. This article presents a ser-
ious situation to the Tax Collector of this County. Being a
borderline county, numerous automobiles are brought into
Grayson County, sold, and many times taken again out of the
state for re-sale. We have an automobile dealer in the county
that operates agencies in Oklahoma. When this concern makes
a trade for an Oklahoma car here in Texas and then immediate-
ly removes the car out of this State for re-sale in Oklahoma,
must the car in question be registered in Texas? On the other
hand if an Oklahoma car is bought in Texas, is the endorsed
Certificate of Title from Oklahoma, alone, sufficient evidence
of sale and transfer of ownership? If the endorsed certificate
is sufficient, may the Tax Collector legally acknowledge change
of ownership by registering automobile in buyer's name without
the prescribed bill of sale properly executed."

In Opinion No. O-1491, this department held that the Cer-
tificate of Title Act, Article 1436-1, Vernon's Annotated Penal Code,
supercedes Articles 1434 and 1435 of Vernon's Annotated Penal Code,
inasmuch as the Certificate of Title Act covers the same general sub-
ject matter. Consequently, we believe that the answer to your question
depends upon an interpretation of the Certificate of Title Act when con-
strued with other pertinent statutes.

Section 60 of the Certificate of Title Act, Article 1436-1, Vernon's Annotated Penal Code, reads as follows:

"The provisions of this Act shall not apply to motor vehicles not required to be registered or licensed under the laws of this State then effective, nor to motor vehicles owned or operated by the Federal Government or any of its agencies, the State of Texas, or any municipal government unless such motor vehicle is sold to a person required under this Act to procure a certificate of title, in which event the provisions hereof shall be fully operative as to such motor vehicle." (Underscoring ours)

Our first problem, then, is to determine whether or not the motor vehicles in question, driven into this State by non-residents, are "required to be registered or licensed."

Article 6675a-2, Vernon's Annotated Civil Statutes, provides for the registration of each motor vehicle used or to be used upon the public highways of this State. Application for registration is to be made to the County Tax Collector of the county in which the applicant resides. To this requirement of registration are appended certain exceptions. One such exemption from registration is that owners of certain farm tractors, farm trailers, farm semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways are not required to register such vehicles. Another exemption from registration may be found in Article 827b, Vernon's Annotated Penal Code, which contains provisions with respect to the registration of motor vehicles owned by non-residents and operated upon the highways of this State. Section 5 of this Article contains this significant sentence:

"And provided, further, that any non-resident owner of a privately owned motor vehicle may be permitted to make an occasional trip into this State with such vehicle under the privileges of this Act without obtaining such temporary registration certificate."

An "occasional trip" is defined in Section 1 of Article 827b to mean "not to exceed five trips into this State during any calendar month, nor to exceed five days on any one trip". In other words, regardless of purpose, a non-resident of this State may make an "occasional trip" into this State in his motor vehicle without obtaining Texas registration of such vehicle. As a result, the literal language of Section 60 of Article 1436-1, Vernon's Annotated Penal Code, is satisfied; that is, the vehicle is not required to be registered or licensed in this State, and the Certificate of Title Act in its entirety has no application to the transaction.

We have previously pointed out that in Opinion 0-1491, this department held that the Certificate of Title Act, Article 1436-1, Vernon's Annotated Penal Code, supersedes Articles 1434 and 1435 of Vernon's Annotated Penal Code, inasmuch as the Certificate of Title Act covers the same general subject matter. However, even if this were not true and we were compelled to look to Article 1434, Vernon's Annotated Penal Code, for the answer to your question, the result would be the same. Article 1434 like Section 60 of Article 1436-1 provides that it applies to "any used or second-hand vehicle required to be registered under the laws of this State". As before stated, the vehicle in question operated along the highways of this State by non-residents on an occasional trip into this State is not required to be registered or licensed.

Consequently, we hold, and you are respectfully advised, that neither Articles 1434 -- 1435, Vernon's Annotated Penal Code, nor Article 1436-1, Vernon's Annotated Penal Code, applies to a non-resident on an occasional trip into this State under the facts set forth in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     s/Walter R. Koch
              Walter R. Koch
              Assistant

By     s/James D. Smullen
              James D. Smullen

JDS:RS

APPROVED APR 1, 1940

s/Gerald C. Mann

ATTORNEY GENERAL OF TEXAS